**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LINDA CALVERT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No.  EP-14-CV-404-ATB** |
| | § | **(by consent)** |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of the** | § | |
| **Social Security Administration,**[1] | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## I.     PROCEDURAL HISTORY

On November 21, 2011, Plaintiff filed an application for DIB, alleging a disability onset date of December 1, 2010.  (R. 110).  Her application was denied initially and denied upon reconsideration.  (R. 60, 66).  Plaintiff filed a request for a hearing, which was held on April 22,

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

2013.  (R. 37-54, 70).  The Administrative Law Judge ("ALJ") issued a decision on May 31,

2013, denying benefits.  (R. 11-24).  Subsequently, the Appeals Council denied review.  (R. 1-3).

## II.   ISSUES

Plaintiff presents the following issues for review:

1.   Whether the ALJ erred by failing to express Plaintiff's moderate limitations in
     concentration, persistence, and pace in terms of work-related functions in
     violation of SSR 96-8p.  (Pl.'s Br. 1, ECF No. 19).

2.   Whether the ALJ erred at step five by failing to include Plaintiff's impairment in
     her ability to maintain attention, concentration, and pace in the hypothetical
     question to the vocational expert ("VE").  (*Id.* at 1-2).

Plaintiff contends that the ALJ violated the requirements of SSR 96-8p by failing to

express Plaintiff's moderate limitation in concentration, persistence, and pace, found as part of

the psychiatric review technique ("PRT"),[2] in terms of work-related functions in Plaintiff's

residual functional capacity ("RFC").  (*Id.* at 9).  Specifically, Plaintiff claims that the ALJ's

RFC determination that Plaintiff could perform work limited to understanding, remembering,

and carrying out detailed but not complex instructions does not incorporate a moderate limitation

in concentration, persistence, and pace.  (*Id.* at 9-14).  Additionally, Plaintiff claims that the

ALJ's RFC determination that Plaintiff can attend and concentrate for extended periods does not

incorporate a moderate limitation in the ability to maintain attention, concentration, and pace.

(*Id.* at 14).  Based on these points of error, Plaintiff also argues that the ALJ erred at step five

because the hypothetical question presented to the VE did not incorporate Plaintiff's impairment

---

[2] The PRT is also known as the "special technique" or "special psychiatric review technique."  *See Melugin v. Astrue*, No. SA-09-CV-120-XR, 2010 WL 457319, at *3 (W.D. Tex. Feb. 2, 2010) ("Plaintiff contends that the ALJ failed to apply the special psychiatric review technique set forth in 20 C.F.R. § 404.1520a in evaluating the severity of his various psychiatric ailments."); 20 C.F.R. § 404.1520a(a). The Court will use these terms interchangeably.

in her ability to maintain attention, concentration, and pace. (*Id.* at 14-16). Consequently, Plaintiff seeks a reversal and remand for further administrative proceedings. (*Id.* at 16).

## III.    DISCUSSION

### A.    Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of "no substantial evidence" will be made "only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

### B.    Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's

impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  Once the claimant meets that burden, it shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989) (per curiam).

In the present case, the ALJ found that Plaintiff had the following severe impairments: degenerative disk disease, degenerative joint disease, diabetes mellitus, obesity, and diagnosed depression.  (R. 12).  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments.  (R. 17-18). In doing so, the ALJ determined that Plaintiff's impairments did not meet the criteria of listing 1.02, Major Dysfunction of a Joint(s) (due to any cause), listing 1.04, Disorders of the Spine, listing 9.00B(5), Diabetes Mellitus and Other Pancreatic Gland Disorders, and listing 12.04, Affective Disorders.  (R. 17-18; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1).  In evaluating Plaintiff's impairments for listing 12.04, the ALJ found, among other things, that Plaintiff had "no more than moderate sustained limitations in her concentration, persistence and pace (as demonstrated by a formal mental status evaluation revealing completely intact function despite complaints of impairment)."  (R. 17-18).  The ALJ also considered Plaintiff's obesity according to SSR 02-1p.  (R. 18).

After considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform limited light work[3]:

> [W]hich affords the opportunity to alternate between sitting and standing at the worker's options; which does not entail climbing, crawling, kneeling[,] or squatting; which only occasionally entails stooping and crouching; which does not entail working above shoulder level; which does not entail constant use of the arms; and which can be performed by a person having the ability to understand, remember[,] and carry out detailed but not complex instructions, the ability to make decisions, the ability to attend and concentrate for extended periods, the ability to accept instructions, and the ability to respond appropriately to changes in a routine work setting.

(R. 21).  The ALJ determined that Plaintiff was unable to perform her past relevant work.  (R. 22).  After considering Plaintiff's RFC, age, education, and work experience, in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and based on the testimony of the VE, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform.  (R. 22-23).  Specifically, the ALJ concluded that Plaintiff could perform the jobs of towel rolling machine operator, stock checker (apparel), and office helper.  (R. 22-23).  Consequently, the ALJ found that Plaintiff was not disabled through March 31, 2013, the date she was last insured for Title II purposes.  (R. 23).

## C.     The ALJ's Determination of Plaintiff's RFC

Plaintiff contends that the ALJ's failure to express Plaintiff's moderate limitation in concentration, persistence, and pace in terms of work-related functions in Plaintiff's RFC

---

[3] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").  Additionally, SSR 83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

constitutes error.  (Pl.'s Br. 9-14, ECF No. 19).  She argues that the ALJ's RFC determination that Plaintiff could perform work limited to understanding, remembering, and carrying out detailed but not complex instructions and that Plaintiff can attend and concentrate for extended periods do not incorporate Plaintiff's moderate limitation in concentration, persistence, and pace as found in the PRT.  (*Id.*)  Plaintiff further contends that the ALJ's hypothetical question was defective and constituted error at step five because the ALJ failed to incorporate the limitation. (*Id.* at 14-16).

RFC is the most an individual can still do despite his or her limitations.  20 C.F.R. § 404.1545; SSR 96-8p.  The responsibility to determine the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  In making this determination, the ALJ must consider all the record evidence and determine the plaintiff's abilities despite his or her physical and mental limitations.  *Martinez*, 64 F.3d at 176.  The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.  *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p.  The relative weight to be given the evidence is within the ALJ's discretion.  *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam).  The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record.  *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is the plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments.  *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a).  The plaintiff's own subjective complaints, without objective medical

evidence of record, are insufficient to establish disability.  *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

**D.     Analysis**

**1.  The ALJ Did Not Violate SSR 96-8p**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error.  (Pl.'s Br. 1, ECF No. 19).  Plaintiff argues that the ALJ violated SSR 96-8p by failing to express Plaintiff's moderate limitation in concentration, persistence, and pace in terms of work-related functions.  (*Id.* at 9-14).  Plaintiff first contends that limiting Plaintiff to work in which she can understand, remember, and carry out detailed but not complex instructions does not incorporate a moderate limitation in concentration, persistence, and pace. (*Id.*)  In support of that position, Plaintiff argues that the Court should give the force of law to the Social Security Administration's Program Operations Manual System ("POMS"), which states that a moderate limitation means "the evidence supports the conclusion that the individual's capacity to perform the activity is impaired."  (*Id.* at 9 & n.7, citing POMS DI 24510.063 B.2). Additionally, Plaintiff cites to a number of cases which examine limitations set forth in RFC determinations and analyze whether those RFC determinations incorporate a moderate limitation in concentration, persistence, and pace.  (*Id.* at 10-14).  In synthesizing these cases, Plaintiff argues that work that involves detailed but not complex instructions might require more concentration, persistence, and pace than Plaintiff would be able to maintain and yet the ALJ's RFC determination results in "no limitation at all."  (*Id.*)  Plaintiff next contends that the ALJ's finding that she could attend and concentrate for extended periods does not incorporate a moderate limitation in the ability to maintain attention, concentration, and pace.  (*Id.* at 14).  In support of that position, Plaintiff argues that every job requires the employee to attend and

concentrate for extended periods and, based on POMS, that the ALJ's findings do not properly incorporate Plaintiff's limitation.  (*Id.*)

The Commissioner responds by arguing the ALJ properly assessed Plaintiff's mental limitations.  (Def.'s Br. 4-9, ECF No. 21).  The Commissioner asserts that the ALJ relied on the report of Dr. Cynthia Wall, the consultative psychological examiner, finding few mental limitations and diagnosing Plaintiff with "[m]ajor [d]epressive [d]isorder, recurrent, mild."  (*Id.* at 4-5).  The Commissioner contends that the ALJ performed the PRT at steps two and three and determined that Plaintiff had, among other things, a moderate limitation in concentration, persistence, and pace.  (*Id.* at 5-6 & n.4, citing R. 17-18).  The Commissioner further contends that the ALJ's mental RFC determination, that Plaintiff is limited to work that requires no more than detailed instructions, was consistent with Dr. Wall's findings.  (*Id.* at 6).  The Commissioner maintains that Dr. Wall's findings demonstrate that Plaintiff would be able to perform the unskilled jobs identified by the VE.  (*Id.* at 6).  The Commissioner argues that the ALJ's restriction in the complexity of work tasks is a proper accommodation of Plaintiff's moderate limitation in concentration, persistence, and pace as Dr. Wall found that Plaintiff had an intact ability to concentrate on tasks, an intact ability to perform addition, subtraction, and multiplication problems in her head but an inability to perform division problems in her head.  (*Id.* at 6, citing R. 14-15, 481).  The Commissioner further argues that PRT findings do not correspond to RFC findings and that Plaintiff's use of non-precedential cases demonstrate that there is no direct relationship between those findings.  (*Id.* at 7, citing SSR 96-8p; Pl.'s Br. 10-14, ECF No. 19).  The Commissioner also maintains that Plaintiff fails to identify any mental limitations documented in the record that the ALJ overlooked or which of the elements of concentration, persistence, and pace are absent in the ALJ's RFC determination.  (*Id.* at 8).

Finally, the Commissioner argues that Plaintiff cannot show prejudice and any error by the ALJ is harmless.  (*Id.* at 8-9).

A review of the record evidence indicates that the ALJ properly performed the PRT and properly determined Plaintiff's mental RFC.  Furthermore, the ALJ's decision is consistent with the findings set forth in Dr. Wall's mental status evaluation.  Consequently, the Court finds that the ALJ did not violate SSR 96-8p in addressing Plaintiff's work-related mental limitations.

At the outset, the Court rejects Plaintiff's reliance on POMS and SSR 13-2p as a basis for error in the ALJ's RFC determination.  (*See* Pl.'s Br. 9 n.7, ECF No. 19).  Although POMS provides some insight, case law supports the conclusion that POMS "has no legal force and does not bind the Court."  *Kolb v. Colvin*, Civ. A. No. 13-5085, 2014 WL 5040737, at *5 n.66 (E.D. La. Sept. 30, 2014) (citing *Hickman v. Bowen*, 803 F.2d 1377, 1380 n.6 (5th Cir. 1986) (citing *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) (per curiam))).  Moreover, the Court rejects Plaintiff's use of SSR 13-2p because that Ruling concerns evaluating cases involving drug addiction and alcoholism, which is not at issue in this case and, therefore, the Court finds it is inapplicable here.

The ALJ is required to follow mandatory steps, known as the "special technique," when evaluating the severity of mental impairments.  *See* 20 C.F.R. § 404.1520a(a).  The ALJ evaluates the claimant's symptoms, signs, and laboratory findings in order to determine whether the claimant has a medically determinable mental impairment.  *See id.* § 404.1520a(b)(1).  If the ALJ determines that the claimant has a medically determinable mental impairment, the ALJ is required to specify the symptoms, signs, and laboratory findings that substantiate the presence of any mental impairment.  *See id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001).  The ALJ next evaluates and records the degree of functional limitation that results from the

claimant's mental impairments as set forth in 20 C.F.R. § 404.1520a(c), (e). *See* 20 C.F.R. § 404.1520a(b)(2); *see also Boyd*, 239 F.3d at 705. The ALJ evaluates the degree of functional limitation in four functional areas: 1) activities of daily living; 2) social functioning; 3) concentration, persistence, or pace; and 4) episodes of decompensation. *See id.* § 404.1520a(c)(3); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ rates the first three functional areas on a five-point scale and the fourth functional area on a four-point scale. *See* 20 C.F.R. § 404.1520a(c)(4). The ALJ's written decision must incorporate pertinent findings and conclusions based on the technique and must include a specific finding of the degree of limitation in each of the functional areas. *See id.* § 404.1520a(e)(4).

After rating the degree of functional limitation resulting from any mental impairment, the ALJ determines the severity of the impairment. *See id.* § 404.1520a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment is "not severe" at step two of the sequential evaluation process. *See id.* § 404.1520a(d)(1). If the ALJ finds that the mental impairment is "severe" at step two, the ALJ must then determine at step three if the mental impairment meets or equals a listed mental disorder. *See id.* § 404.1520a(d)(2). If the impairment is severe but does not meet or equal a listed mental impairment, then the ALJ must conduct an RFC assessment. *See id.* § 404.1520a(d)(3); *see also Boyd*, 239 F.3d at 705.

In performing the special technique in this case, the ALJ reviewed Dr. Wall's February 2012 consultative psychological evaluation. (R. 14). In discussing Dr. Wall's mental status evaluation, the ALJ noted that Plaintiff

> was able to complete tasks in a timely and appropriate manner, contrary to her assertions. In addition, she had normal behavior, was open and talkative, made good eye contact and readily established a rapport with the examiner, demonstrated normal speech, had normal thought processes and content with

good abstract reasoning ability, and had no perceptual abnormalities.  She also appeared to be mildly depressed with a congruent affect, she was oriented times [three], she appeared to have average intellectual functioning, and she demonstrated normal remote and recent memory but was assessed with some deficits in immediate memory as she could only remember [four] digits forwards and [three] digits backward in the correct order.  In addition, she had minimal difficulty concentrating on tasks involving "well-learned stimuli" such as doing simple addition, subtraction[,] and multiplication (but not division) in her head, her insight was good, and her judgment was deemed to be good, although the examiner opined that it might be compromised in emotional or stressful situations.[4]

(R. 14-15; 476-82).  The ALJ found that Plaintiff had, among other things, a moderate limitation in concentration, persistence, and pace as demonstrated by Dr. Wall's evaluation which revealed completely intact functioning despite complaints of impairment.  (R. 17-18).  Prior to step four and based on all of the evidence in the record, the ALJ determined that Plaintiff's moderate impairment in concentration, persistence, and pace as set forth in the special technique analysis resulted in an RFC limitation that Plaintiff could perform work that involved understanding, remembering, and carrying out detailed but not complex instructions.  (R. 21).  The ALJ also found that Plaintiff could attend and concentrate for extended periods, and that there were no further limitations as a result of Plaintiff's medically determinable impairments.  (R. 21).

A claimant's moderate limitation in concentration, persistence, and pace found through the special technique is not an RFC assessment.  *See* SSR 96-8p.  Rather, that finding is used to rate the severity of the claimant's mental impairments at step two and step three of the sequential evaluation process.  *See id.*  "The mental RFC assessment used at steps [four] and [five] of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments . . . ."  *See id.*  The functions that the ALJ

---

[4] The ALJ later noted that Plaintiff did not seek formal mental health care or ask her treating nurse practitioner for medication despite her alleged mental health limitations.  (R. 20).

considers are the claimant's abilities to: 1) understand, carry out, and remember instructions; 2) use judgment in making work-related decisions; 3) respond appropriately to supervision, co-workers, and work situations; and 4) deal with changes in a routine work setting.  *See id.*; *see also* 20 C.F.R. § 404.1545(c).  Moreover,

> [w]hile the regulations require the ALJ to evaluate[] the limitations imposed by Plaintiff's mental impairments in certain areas and direct the ALJ to proceed to the RFC determination if Plaintiff's impairments are found severe, the regulations do not specifically require the ALJ to find that the limitations found in evaluating the mental impairment must be word-for-word incorporated into either the RFC determination or the hypothetical question posed to the VE.

*Patterson v. Astrue*, Civ. A. No. 1:08-CV-109-C ECF, 2009 WL 3110205, at *5 (N.D. Tex. Sept. 29, 2009).

Based on the record evidence in this case, the Court finds that the ALJ's mental RFC determination, that Plaintiff could perform work limited to understanding, remembering, and carrying out detailed but not complex instructions and that Plaintiff has the ability to attend and concentrate for extended periods, is not contrary to the ALJ's special technique finding that Plaintiff was moderately limited in her ability to maintain concentration, persistence, or pace. *See, e.g.*, *Westover v. Astrue*, Civ. A. No. 4:11-CV-816-Y, 2012 WL 6553102, at *9 (N.D. Tex. Nov. 16, 2012) (holding that a limitation to detailed but not complex instructions was not contradictory to the ALJ's finding in the special technique that the plaintiff was moderately limited in his ability to maintain concentration, persistence, or pace), *report and recommendation adopted*, 2012 WL 6553829, at *1 (N.D. Tex. Dec. 13, 2012); *De La Rosa v. Astrue*, No. EP-10-CV-351-RPM, 2012 WL 1078782, at *14-15 (W.D. Tex. Mar. 30, 2012) (holding that the ALJ's special technique finding that the plaintiff had a moderate limitation in concentration, persistence, and pace was accounted for by the ALJ's RFC determination which found, among other things, that the plaintiff was able to understand, remember, and carry out detailed but not

complex instructions and attend and concentrate for extended periods); *Chadwell v. Astrue*, Civ. A. No. 4:08-CV-736-Y, 2010 WL 3659050, at *11 (N.D. Tex. May 25, 2010) (holding that a limitation to detailed but not complex instructions was not contradictory to the ALJ's finding in the special technique that the plaintiff was moderately limited in her ability to maintain concentration, persistence, or pace), *report and recommendation adopted*, 2010 WL 3658996, at *1 (N.D. Tex. Sept. 17, 2010).[5]   Moreover, the Court is persuaded by the above-cited cases in which similar special technique and RFC determinations were made, especially in light of the record evidence presented in this case which demonstrates few mental limitations.   Furthermore, the record evidence supports the ALJ's analysis of Dr. Wall's mental status evaluation and the ALJ noted that Plaintiff has received no other mental health treatment.  (R. 12-22).   In reviewing this evidence, the ALJ properly exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into the mental RFC determination that were supported by the record evidence.  *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (per curiam).   Therefore, the Court finds that the ALJ did not violate SSR 96-8p as substantial

---

[5] Plaintiff cites to a number of cases which the Court finds are not authoritative to support her position that a limitation to detailed but not complex instructions does not incorporate a moderate limitation in concentration, persistence, and pace.  (*See* Pl.'s Br. 9-14, ECF No. 19, citing *Eastham v. Comm'r of the Soc. Sec. Admin.*, No. 3:10-CV-2001-L, 2012 WL 691893, at *6-9 (N.D. Tex. Feb. 17, 2012) (holding that a limitation to simple, repetitive work did not incorporate the ALJ's finding in the special technique that the plaintiff was moderately limited in his ability to maintain concentration, persistence, or pace), *report and recommendation adopted*, 2012 WL 696756, at *1 (N.D. Tex. Mar. 5, 2012); *Owen v. Astrue*, Civ. A. No. 3:10-CV-1439-BH, 2011 WL 588048, at *14 (N.D. Tex. Feb. 9, 2011) ("As determined by several courts, a finding that Plaintiff can perform unskilled work is fatally flawed where the ALJ has found Plaintiff to have moderate limitations in concentration, persistence, or pace." (citations omitted)); *Webb v. Astrue*, Civ. A. No. 4:08-CV-747-Y, 2010 WL 1644898, at *13 (N.D. Tex. Mar. 2, 2010) (holding that hypothetical question limiting the plaintiff to jobs with a reasoning development level of one, two, or three did not incorporate moderate limitations in concentration, persistence, and pace which created error in the ALJ's finding that the plaintiff could perform past relevant semiskilled work as a bus driver), *report and recommendation adopted*, 2010 WL 1644697, at *1 (N.D. Tex. Apr. 22, 2010); *Veal v. Soc. Sec. Admin., Comm'r*, 618 F. Supp. 2d 600, 612 (E.D. Tex. 2009) ("A limitation of simple, one or two-step tasks on a repetitive basis does not *necessarily* preclude one's ability to perform jobs with reasoning level [two] or higher.")).  As to all of these cases, the Court finds them either distinguishable or non-persuasive.

evidence supports the ALJ's special technique and mental RFC determinations which express Plaintiff's moderate limitations in concentration, persistence, and pace in terms of work-related functions.

### 2. The ALJ's Hypothetical Question Was Not Defective

Plaintiff contends that the ALJ erred at step five because the hypothetical question presented to the VE did not incorporate Plaintiff's ability to maintain attention, concentration, and pace. (Pl.'s Br. 14-16, ECF No. 19). Plaintiff argues that her attorney corrected the defective hypothetical question when the VE stated that someone would be unable to perform work in the national economy if they needed two additional, unscheduled forty-five minute breaks. (*Id.* at 15-16). Plaintiff further maintains that even if her attorney had not suggested this correction, the defective hypothetical question cannot serve as a basis for finding that Plaintiff was not disabled. (*Id.* at 16).

The Commissioner argues that Plaintiff's claim of error regarding the defective hypothetical question is "entirely dependent" on the Court finding that the ALJ's RFC determination constituted error because it "involves no separable legal or factual issue." (Def.'s Br. 4 n.2, ECF No. 21, citing Pl.'s Br. 14-16, ECF No. 19). The Commissioner essentially contends that if the Court finds that substantial evidence supports the ALJ's RFC determination, the Court must also find that the hypothetical question that the ALJ presented to the VE was proper. (*Id.*) Therefore, the Commissioner maintains that the "response to Plaintiff's first claim of error necessarily addresses Plaintiff's second claim of error." (*Id.*)

The Court agrees with the Commissioner that a finding in favor of the Commissioner on the RFC issue necessitates a finding that there was no error in the hypothetical question that the ALJ presented to the VE. For a hypothetical to be proper, it "need only incorporate the

disabilities that the administrative law judge recognizes." *Wise v. Barnhart*, 101 F. App'x 950, 951 (5th Cir. 2004) (per curiam) (unpublished) (citing *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Morris v. Brown*, 864 F.2d 333, 336 (5th Cir. 1988)).   The record evidence demonstrates that the ALJ properly included all the limitations that he recognized in presenting the hypothetical question to the VE.  (R. 12-22, 51-52).  Therefore, the Court finds that the ALJ's decision is supported by substantial evidence and is not the result of legal error.

## IV.   CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 14th day of July, 2016.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**